UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **TIMIKI CROWDER,** | Civil Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **GBS INTERNATIONAL, INC.** | |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

2. Defendant has placed dozens of autodialed calls to Plaintiff's cellular telephone number in an attempt to collect a debt Plaintiff allegedly owes.

3. Plaintiff never provided Defendant with prior express consent to make these telephone calls.

4. Furthermore, Plaintiff expressly told Defendant to stop calling, but it continued to call.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

6. Defendant's actions further violated the FDCPA by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff is separately entitled to $1,000 plus attorneys' fees for these violations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA and FDCPA, which are federal statutes.

8. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because Defendant resides in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

10. Plaintiff is a citizen and resident of Raleigh, North Carolina

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant GBS International, Inc. ("Defendant" or "GBS") is, and at all times mentioned herein was, a Florida limited liability company with its principle place of business located at 9450 Sunset Drive, Miami, Florida 33173.

13. Defendant GBS is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

14. Beginning in or around June 2017, – Defendant began placing telephone calls to Plaintiff's cellular telephone number, number ending in 9158.

15. These calls were all in an effort to collect a debt allegedly owed as part of a rescinded timeshare purchase from WorldQuest Orlando Resort.

16. Specifically, Plaintiff Crowder purchased a timeshare but canceled the timeshare within the three-day cancelation period. The timeshare company refused to refund the money, so Plaintiff canceled her credit card and Plaintiff's credit card company credited her card the charged

amount. Subsequently, the timeshare company appears to have enlisted Defendant to charge the canceled card for an amount Plaintiff allegedly owes.

17. This alleged debt was incurred primarily for "personal, family, or household purposes".

18. Defendant is a debt collector as defined at 15 U.S.C. § 1692a(6).

19. On its website, Defendant advertises its collections practice, explaining, for example, that it begins making "delinquent calls … 5 days after payment is past due".[1]

20. Plaintiff never gave Defendant prior express consent to make these calls to her cellular telephone.

21. Even if she had, Plaintiff specifically asked Defendant on several occasions to stop calling, or words to that effect, to no avail.

22. These calls continued after Plaintiff sent a letter threatening the instant lawsuit.

23. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's revocation, the Defendant continued to call.

24. These calls used telephone numbers 305-596-3320 and 1-866-257-1786, among others.

25. All of the calls calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. This is evidenced by the volume of the calls and the inability to stop the calls.

27. This is further evidenced by the calls Plaintiff answered, as on at least some of the

---

[1] https://www.gbsinternationalinc.com/DeveloperBenefits.aspx

calls, there was an unnatural pause before Defendant's agent responded to Plaintiff's "hello." Often, Plaintiff would need to say "hello" multiple times, and, on occasion, no one appeared on the line. This behavior is suggestive of a predictive dialer.

28. Several of these calls used an artificial or prerecorded voice.

29. Plaintiff knew these calls used an artificial or prerecorded voice because she is familiar with normal human interaction, could tell by the tone and sound of the caller, and because she was unable to converse with the caller.

30. Defendant's actions in making telephone calls using an automatic telephone dialing system and a prerecorded voice to Plaintiff without obtaining prior express consent and after any such consent it believed it had was revoked, violate 47 U.S.C. § 227(b).

31. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition, and continued to do so after being asked to stop, which Defendant either ignored, or did not record.

32. Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendant to stop calling, and nuisance.

33. These forms of concrete harm are sufficient for Article III standing purposes.

34. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

35. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

36. In addition to violations of the TCPA, Defendant's calls after Plaintiff asked Defendant to stop calling violated the FDCPA by "[c]ausing a telephone to ring or engaging any

person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

37. Plaintiff is separately entitled to $1,000 plus attorneys' fees for these violations.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant placed calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

40. Plaintiff's telephone number is assigned to a cellular telephone service.

41. As alleged, these calls all used an "automatic telephone dialing system."

42. As alleged, these calls used a prerecorded or artificial voice.

43. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

### SECOND CAUSE OF ACTION
### Violations of the FDCPA, 15 U.S.C. § 1692d(5)

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. Defendant is a debt collector as defined at 15 U.S.C. § 1692a(6).

48. Upon information and belief, the debt Defendant sought to collect was incurred primarily for personal, family, or household purposes, qualifying it as a debt subject to the terms of the FDCPA. 15 U.S.C. § 1692a(5).

49. Defendant continued to place calls after being asked to stop, causing Plaintiff's telephone to ring with the intent to annoy, abuse, or harass Plaintiff.

50. Defendant's actions violated 15 U.S.C. § 1692d(5).

51. Plaintiff is entitled to $1,000 in statutory damages and attorneys' fees for this violation of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Timiki Crowder prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant's from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages;

E. An award of attorneys' fees and costs;

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** November 30, 2017

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
Pro Hac Vice to be filed

/s/ Bradford R. Sohn
Bradford R. Sohn
Fla. Bar. No. 98788
**THE BRAD SOHN LAW FIRM, PLLC**
2600 South Douglas Road, Suite 1007
Coral Gables, Florida 33134
Tel.: 786.708.9750
Fax: 305.397.0650
Email: Brad@Sohn.com